G. ATILES MORÉU, MANAGER OF THE STATE INSURANCE FUND, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent.

No. 313. Argued May 10, 1944.—Decided May 17, 1944.

*M. Rodríguez Ramos, Acting Attorney General, G. Benítez Gautier, Deputy Attorney General,* and *Joaquina Pérez Cordero, A. de Jesús Matos, J. Correa Suárez,* and *A. Sandín del Manzano* for petioner. *Edelmiro Soldevila* for claimant.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

Domingo Torres a laborer, met with an accident on March 13, 1943, and was submitted to medical treatment. On April 19 of the same year he was discharged for work but continued to receive treatment during nonworking hours. On August 23, 1943, the workman filed an appeal and prayed for per diems from April 20 to July 17, 1942, alleging that during that period he was unable to work.

At the hearing before the commission the claimant offered no evidence whatsoever, except his own testimony to show that during said period he was unfit to work. The Manager of the State Fund moved the commission to leave the case open in order to bring Dr. Márquez, the physician who attended the workman, who was able to testify whether or not the workman was fit to work when he discharged him on April 19. The commission denied the motion of the manager and on November 5, 1943, rendered its decision sustaining the workman's petition and deciding further that "the construction we give to §3 of the Act is that every workman or employee who suffers an injury is entitled to receive weekly compensation or per diems during such time as he is in need of receiving medical treatment, whatever that may be."

The manager has taken the present appeal and alleges that the commission erred (1) in deciding, in the absence of evidence, that the workman was disabled for work; (2) in refusing to grant the manager a term, even a short and peremptory one, to prove the legality of his discharge for work; and (3) in deciding that the manager lacks authority to decree, in proper cases, treatment during nonworking hours chargeable to the State Insurance Fund.

Subdivisions (1) of §3 of the Workmen's Compensation Act provides that when in the judgment of the Manager of the State Fund medical or hospital services should be discontinued, the workman may appeal to the Industrial Commission. In the instant case the physician who attended the workman discharged him on April 19, 1943, because he believed that his disability for work had disappeared. However, the workman waited until August 23, 1943, to file his appeal.

At the hearing before the commission the claimant workman testified that he received per diems until April 19 and that "thereafter I continued under treatment until July 16 on which date I went to Dr. Márquez and he discharged me as fit for work on July 17 without receiving any compensation during that time." This testimony is in open conflict with the manager's allegation to the effect that the workman had been discharged for work on April 19, 1943. The manager moved that the case be left open "to prove by means of the physician who treated the workman, the one who gave him treatment during nonworking hours, that the condition of the hand did not render him disable for work." The commission closed the case and rendered its decision without hearing the evidence offered by the manager.

We do not think that the commission was justified in deciding the case in such haste, without giving the manager an opportunity to introduce the evidence which he offered that when the workman was discharged on April 19, 1943, he was fit to do his regular work. The delay of the workman in filing his claim and the insufficiency of his testimony before the commission give rise to certain doubts which would have probably been dispelled by the testimony of Dr. Márquez, the physician in charge of claimant's treatment. It would have done no harm to the claimant if the commission had given the manager an opportunity to defend the funds in his charge from a possible groundless claim or to

corroborate with the physician's testimony that of the claimant as to his alleged disability. Claimants of compensations are entitled to a speedy trial, but not to such an extent as to deprive the Manager of the Fund of an opportunity to introduce his evidence and to be heard in defense of the interests entrusted to him by law.

In our opinion the commission did not exercise its discretion properly and it erred in refusing to hear the evidence offered by the manager.

 We do not agree with the construction given by the Commission to §3 of the Act. It is unquestionable that the injured workman is entitled to receive weekly compensation or per diems in the amount and during the term fixed by law, so long as he is disabled from working. But it might happen that the workman would be fit to work and earn his total wages but on the advice of the physician he might receive additional treatment during nonworking hours, in which case the workman would not be entitled to receive further per diems. See *Cordero, Manager v. Industrial Commission*, 62 P.R.R. 691.

For the reasons stated the decision appealed from must be set aside and the case remanded to the commission for further proceedings nor inconsistent with this opinion.